Nancy M. Klink and others, Plaintiffs *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued January 31, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Thomas W. Scott,* with him *Charles B. Pursel,* and *Killian & Gephart,* for plaintiffs.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE BLATT, March 2, 1977:

Nancy M. Klink and other named individuals (plaintiffs) have filed a petition for review in the nature of a complaint in equity within the original exclusive jurisdiction of this Court[1] against the Pennsylvania Department of Transportation (PennDOT). PennDOT has filed preliminary objections in the nature of

---

[1] The complaint here involved was originally filed in the Court of Common Pleas of Columbia County, and was transferred to this Court. An order entered on January 25, 1977 by President Judge JAMES S. BOWMAN provided that this matter shall proceed as stated in the opinion.

a demurrer which allege that the complaint fails to state a cause of action.

The plaintiffs allege that PennDOT intends to remove certain maple trees situate within a state highway right-of-way in Scott Township, Columbia County, Pennsylvania, located on the north side of Old Berwick Road adjacent to the land of the New Rosemont Cemetery because the trees allegedly constitute a traffic hazard. They challenge this action by further charging "that the subject trees do not create a hazard to the community and neighborhood for aesthetic and environmental and historical reasons," and they have requested an injunction restraining PennDOT from removing the trees. PennDOT, however, has claimed an absolute statutory right to remove the trees pursuant to Section 410 of the State Highway Law[2] which provides, in part, as follows:

*The Department of Transportation shall have the absolute right to trim, cut and remove any trees, grasses, shrubs and vines growing within the legal right of way of any State highway, and to trim and cut away any trees, grasses, shrubs and vines growing on adjacent property in so far as they overhang or encroach upon the legal right of way of any State highway.* (Emphasis added.)

36 P.S. §670-410.

Inasmuch as " 'preliminary objections (or pleadings in the nature thereof) admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions or averments of law. . . .' " *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 4, 281 A.2d 909, 910 (1971), and in view of the provisions of Section 410 of the State

---

[2] Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-101 et seq.

Highway Law, above cited, we do not believe that the complaint here presently states a cause of action.

The plaintiffs have argued, however, that Article I, Section 27 of the Pennsylvania Constitution gives validity to their complaint. This section provides as follows:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people. Pa. Const. Art. I, §27.

With regard to this Section, our Supreme Court has said in *Payne v. Kassab,* Pa. , , 361 A.2d 263, 272 (1976), that:

> There can be no question that the Amendment itself declares and creates a public trust of public natural resources for the benefit of all the people (including future generations as yet unborn) and that the Commonwealth is made the trustee of said resources, commanded to conserve and maintain them. No implementing legislation is needed to enunciate these broad purposes and establish these relationships; the amendment does so by its own *ipse dixit.*

Although we do not believe that the present complaint has clearly pleaded a violation of this constitutional provision, we do believe that PennDOT's "absolute right" to remove the trees in question may not, in fact, be any longer so absolute. We will, therefore, allow the plaintiffs to file a new pleading within twenty (20) days after notice of our order in this case, Pa. R.C.P. No. 1028(e), in which we will sus-

tain the preliminary objections of the defendant and dismiss the complaint.

We must note that the plaintiffs allege facts in their brief which, although not presently of record, would, if established, indicate that this controversy originated when the adjacent cemetery requested that Penn-DOT remove the trees in question because they constituted a hazard to persons entering into and exiting from the cemetery. When the plaintiffs acted to save the trees, the cemetery apparently recognized that all of the trees involved did not have to be removed, for a plan to remove at least one tree to correct the hazard was devised and PennDOT was notified of this compromise proposal. It appears, however, that the cemetery's alleged withdrawal of its request to have all of the trees removed has not halted action on the part of PennDOT to remove all of the trees as originally requested. While we would not take issue with PennDOT's removal of actual road hazards and while we also recognize that such hazards may only come to PennDOT's attention through requests such as that originally made by the cemetery, we believe that due consideration should be given to any change of mind on the part of the cemetery as well as to the loss to the public which the destruction of apparently beautiful old trees might represent. It would seem that the parties here, together with the cemetery, might be able to arrive at a resolution of this problem which will be satisfactory to all concerned and which will require no further litigation.

### ORDER

AND, Now, this 2nd day of March, 1977, the defendant's preliminary objections are sustained and leave is granted for the plaintiffs to file an amended complaint within twenty (20) days after notice of this order.